HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRISHA E RENNER,

    Plaintiff,

v.

SULLIVAN, et al.

    Defendants.

CASE NO. C17-5241-RBL

ORDER DENYING MOTION TO PROCEED IFP

DKT. #1

THIS MATTER is before the Court on Plaintiff Trisha Renner's Motion to Proceed *In Forma Pauperis* [Dkt. #1]. Renner sues three South Hill precinct officers for endangering her child. She alleges she took her child to Heritage Park, and as she was leaving, officers handcuffed her and transported her in an ambulance to Good Samaritan hospital for a mental health evaluation. She claims officers endangered her child by taking him to the precinct instead of their house, which was across the street from the park.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.

1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Renner has demonstrated her indigency but not a lack of frivolity. She has not worked since 2008, and relies on supplemental security income to support herself and her son. Her complaint, though, does not plead sufficient facts for the court to understand how the defendants harmed her son. Renner has not described who handcuffed her, who transported her to the hospital, or who took her son to the precinct. She also has not set forth how long her son was at the precinct, or what happened while he was there.

Renner shall file an amended complaint, or pay the court's filing fee, within thirty days of this order. Any amended complaint should articulate the "who, what, when, where, and why" of her claim by developing its factual content (such as who endangered her son and how) and the basis for this Court's jurisdiction (over what is currently pled as a state law claim). Renner's

1 | Motion [Dkt. #1] is DENIED, and if she does not pay the filing fee or file an amended complaint
2 | within thirty days, her case will be DISMISSED.

IT IS SO ORDERED.

Dated this 30th day of May, 2017.

_____
Ronald B. Leighton
United States District Judge